IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS

United States Courts
Southern District of Texas
FILED
OCT 27 2023
Nathan Ochsner, Clerk of Court

| | |
|---|---|
| ERIC BROWN AND ROSALIND A. BROWN, | Civil Action No.: |
| Plaintiffs, | |
| vs. | |
| PENNYMAC LOAN SERVICES, LLC; JPMORGAN SECURITIES, LLC, US BANK, N.A., AS TRUSTEE FOR SECURITIZED TRUST GNMA 2021-077 TRUST; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.; AND DOES 1 THROUGH 10, | |
| Defendants. | |

**COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL**

COMES NOW the Plaintiffs, Eric Brown and Rosalind A. Brown (hereinafter referred to as "Plaintiffs"), who hereby sue Defendants PENNYMAC LOAN SERVICES, LLC ("PennyMac"); JPMORGAN SECURITIES, LLC ("JPMorgan"); US BANK, N.A., as Trustee for Securitized Trust GNMA 2021-077 Trust ("Trustee"); MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. ("MERS"); and DOES 1 through 10 ("Does"), and states as follows:

**JURISDICTION AND VENUE**

1. This Court has subject matter jurisdiction over this action under 28 U.S.C. §1332 because the parties are diverse and the amount in controversy is over $75,000.00.

1

2. Venue is proper in this court since a significant amount of the events, the property which is the subject of this suit, and conduct complained of herein occurred in this District and is invoked pursuant to 28 U.S.C. §1391(b)(2).

**Trinsey v Pagliaro, D.C. Pa. 1964, 229 F. Supp. 647. Statements of legal counsel in brief or in argument are _not facts_ before the court and are therefore insufficient for a motion to dismiss or for summary judgment."** Defendant's Attorneys are not the injured party which has filed an affidavit under oath and therefore their filings are purely hear-say, therefore they do not get to testify and make claims or filings as the injured party. We are here to examine actual facts and not merely allegations or complaints.

## PARTIES TO THE ACTION

3. Plaintiffs are now, and at all times relevant to this action, residents of Brazoria County, Texas.

4. At all times relevant to this action, Plaintiffs owned and have superior claim to the real property located at 6507 Grapevine Bend, Manvel, TX 77578 (hereinafter referred to as the "subject property").

5. Defendant PennyMac is a national banking association, and upon information and belief, is licensed to conduct business in Brazoria County, Texas. PennyMac Loan Services, LLC is the Original Lender.

6. Defendant Trustee is a for-profit corporation doing business in Brazoria County, Texas. Upon information and belief, US Bank, NA is the Trustee of the GNMA 2021-077 Trust.

2

7. Defendant JPMorgan is a multi-national for-profit corporation, whom upon information and belief, is licensed to conduct business in Brazoria County, Texas. Upon information and belief, JPMorgan is the Sponsor of the GNMA 2021-077 Trust.

8. Defendant MERS is a for-profit mortgage document recording company, whom upon information and belief, is licensed to conduct business in Brazoria County, Texas. Upon information and belief, MERS was acting in the capacity of electronic agent as a purported Nominee/Beneficiary for PennyMac Loan Services, LLC under the Deed of Trust; subsequently acting in a capacity of bailor/bailee for each successor defendant of bankruptcy remote Special Purpose Vehicle GNMA 2021-077 Trust.

9. Plaintiffs do not know the true names, capacities, or basis for liability of Defendants sued herein as Does 1 through 10, as each fictitiously named defendant is in some manner liable to Plaintiffs, or claims some right, title, or interest in the subject property. Plaintiffs will amend this Complaint to allege their true names and capacities when ascertained through discovery.

10. At all relevant times mentioned in this Complaint, each of the fictitiously named defendants are responsible in some manner for the injuries and damages to Plaintiffs so alleged and that such injuries and damages were proximately caused by such defendants.

11. Upon information and belief, at all times herein mentioned, each of the Defendants were the agents, employees, servants and/or the joint-ventures of the remaining Defendants, and each of them, and in doing the things alleged herein below, were acting within the course and scope of such agency, employment and/or joint venture.

**GENERAL ALLEGATIONS RELEVANT TO ALL CLAIMS**

3

12. This is an action brought by Plaintiffs for compensatory, special, general and punitive damages along with declaratory and other equitable relief.

13. Plaintiffs dispute Defendants' superior colorable claim to legal title and equitable title of the subject property.

14. Plaintiffs are the owners of the property by Note and Deed of Trust. **See Exhibit "A" and Exhibit "B."**

15. From 1998 until present, over 70 million purported consumer credit mortgage loan transactions were purportedly sold by Non-Depository Payor Banks to Special Purpose Vehicles (hereinafter "SPV").

16. Plaintiffs' purported home loan was one of the 60 million scheduled for/already have been included in the exchange.

17. Defendants participated in a transactional scheme whereby a purported Tangible Note is converted/exchanged for a Payment Intangible asset to provide an alternative investment offering via Special Deposit to certificate or bond holders which were expected to be relatively safe; which, were offered by Wall Street Firms to the secondary market through purported mortgage-backed securities.



18. Certain tax laws known as the Real Estate Mortgage Investment Conduit (hereafter, "REMIC") Tax Reform Act of 1986 were to be observed, and whereby the Non-Depository Payor Banks and Issuing Entities REMIC would be protected from either entity going into bankruptcy.

19. To achieve the desired "bankruptcy remoteness," purported numerous "True Sales" of Plaintiffs' Tangible Note would have had to of occurred by operation of All applicable law.

20. There was no "True Sale" of Plaintiffs' Tangible Note, a circumstance whereby PennyMac sold Plaintiffs' Tangible Note to the "buyer/seller" JPMorgan in an ordinary course of business by offer, acceptance, delivery, and consideration given for full value of the entire instrument.

21. The Original Lender, PennyMac, purports to have negotiated in accordance to all applicable laws the Tangible Note obligation in an ordinary course of business to successor Defendants.

22. PennyMac has unlawfully purported to assign, transfer, or convey its interest in Plaintiffs' Note on or before the Closing Date of GNMA 2021-077 Trust.

23. PennyMac never negotiated the Tangible Note by operation of law for full value in accordance with all applicable law to JPMorgan.

24. Defendants knowingly and willingly deployed MERS as an electronic agent under the Constructive Deed of Trust as nominee/beneficiary for each successor Defendant as bailor/bailee to streamline a purportedly hypothecated security interest "Secret Liens" over the Payment Intangible after acquired collateral unlawfully construed as "Proceeds" of the subject property.

25. MERS only tracks, and updates, ownership of the Payment Intangible registered with the MERS database software system; MERS cannot transfer the beneficial right to the Tangible Accommodated Note instrument; a legitimate "True Sale" of a Tangible Note instrument can only be transferred in an ordinary course of business by proper negotiation for full value, transfer and delivery by operation of all applicable law. **See Exhibit "C," MERS Procedures Manual.**

26. Payment for full value of the entire instrument was executed in an ordinary course of business from JPMorgan to PennyMac.

27. There are no documents or records Defendants can be produced that demonstrate that prior to the May 28, 2021 closing date for the GNMA 2021-077 Trust, the Tangible Note was duly indorsed, transferred, and delivered to GNMA 2021-077 Trust in an ordinary course of business by operation of all applicable law, including all intervening transfers including any purported transfers in the personal property Payment Intangible.

28. Nor can any documents or records be produced that demonstrate that prior to May 28, 2021, the Deed of Trust was duly assigned, transferred, and delivered to GNMA 2021-077 Trust, via the Custodian of Records, Trustee, including all Secret Liens purportedly securing the Payment Intangible intervening transfers/assignments.

29. Plaintiffs further allege that any documents i.e., MERS Assignment of Deed of Trust, that purport to transfer a hypothecated beneficial security interest over the Payment Intangible underlying collateral of the Tangible Note or Bill of Exchange to GNMA 2021-077 Trust after the Closing Date May 28, 2021 are void as a matter of law.

30. No security interest in the subject property was perfected in the name of any of the successor Defendants.

31. The alleged holder of the Tangible Note is not the beneficiary of the Deed of Trust.

32. The alleged beneficiary of Plaintiffs' Deed of Trust, MERS, does not have the requisite title, perfected security interest or standing to proceed in a foreclosure; and/or is not the real party in interest as agent or nominee to any action taken or to be taken against the subject property by successor Defendants.

33. At all times herein mentioned, any assignment of a Deed of Trust without proper transfer in an ordinary course of business of the Tangible Note that it secures is a legal nullity by operation of law. Plaintiffs are informed and believe, and thereon allege that the GNMA 2021-077 Trust had no officers or directors and no continuing duties other than to hold assets and to issue the series of certificates.

34. Defendants cannot establish possession, show proper receipt, transfer, negotiations, assignment and ownership of the Tangible Note or Deed of Trust, resulting in imperfect

security interests and claims; therefore, none of the Defendants have perfected any colorable claim of title or security interest in the subject property.

35. Defendants cannot establish that the Deed of Trust purportedly securing the Tangible Note, was legally or properly acquired in accordance with all applicable law.

36. Upon information and belief, none of the parties to transaction, nor any of the Defendants in this case, hold a perfected and secured claim in the subject property; and that all Defendants are equitably estopped and precluded from asserting an unsecured claim against the subject property.

37. Plaintiffs allege that an actual controversy has arisen and now exists between the Plaintiffs and Defendants.

38. Plaintiffs thus desire a judicial determination and declaration of its rights about the subject property and the corresponding Tangible Note and Deed of Trust.

39. On or about October 9, 2023, Plaintiffs had a Chain of Title Analysis & Mortgage Fraud Investigation completed by a licensed, bonded, and insured private investigator with adequate credentials, experience, and a track record in court. This private investigator was brought in to verify the claims of this complaint. Joseph R. Esquivel, Jr. executed an Affidavit in Support of the Chain of Title Analysis & Mortgage Fraud Investigation. **See Exhibit "D."**

40. On or about April 9, 2021, Plaintiffs issued a Promissory Note to facilitate a loan in the amount of $377,240.00 to PennyMac.

41. On or about April 9, 2021, Plaintiffs pledged a Constructive Deed of Trust granting legal title to Accommodate PennyMac to file against Plaintiffs' Superior Claim to Title filed in the Official Records.

42. The purported Deed of Trust and Note contracts between the parties are specific as to the duties of each party.

43. Upon information and belief, Plaintiffs' Note was sold to the GNMA 2021-077 Trust.

44. There is no contemporaneous assignment of Plaintiffs' Mortgage to the Trust as underlying security for Plaintiffs' Note.

45. Thus, Plaintiffs' Note and Mortgage are irreparably separated.

46. Any attempt to assign assets into a Trust after the Closing Date of the Trust is a violation of the terms of the Trust and is void.

47. To date, there is no assignment of Plaintiffs' Deed of Trust to the Trust as underlying security for Plaintiffs' Note. Plaintiffs' Note and Deed of Trust are thus irreparably separated.

48. Only the Depositor is the rightful party that can convey the asset into the trust pursuant to investor offering documents.

49. On August 23, 2023 and August 24, 2023, Plaintiffs had served on PennyMac correspondence entitled "Notice of Revocation of Power of Attorney and Void of Contract and Security Agreement." PennyMac confirms receipt of this correspondence by response dated August 31, 2023. **See Exhibit "E."**

50. Plaintiffs' correspondence is reasonably construed as a legally authorized QWR ("Qualified Written Request").

51. Plaintiffs' correspondence requests multiple admissions and documents.

52. PennyMac knowingly and willfully failed to adequately respond to Plaintiffs' QWR.

53. To date, none of the Defendants have provided legal documentation demonstrating transfers of the mortgage or Deed of Trust.

54. To date, none of the Defendants has produced the Original Note.

55. To date, none of the Defendants has demonstrated standing to foreclose.

56. To date, none of the Defendants has demonstrated a legal and equitable interest in the subject property.

57. All conditions precedent to the filing of this action have occurred, accrued, or have been waived as a matter of law.

58. All actions taken by the Defendants' employees as alleged in this complaint were done within the scope of their official duties and under the color of law.

## CAUSES OF ACTION

### COUNT ONE:
### DECLARATORY RELIEF – DECLARATION OF LEGAL AND EQUITABLE INTEREST AND RIGHTS IN THE SUBJECT PROPERTY

59. Plaintiffs re-allege the allegations contained in the preceding paragraphs above, as if fully set forth herein.

60. Plaintiff seeks a determination from this court as to whether any Defendants followed the proper procedure pursuant to the Deed of Trust, the Texas Property Code, and the Texas Rules of Civil Procedure.

61. Plaintiffs seek a declaration to determine if any of the named Defendants have the authority to foreclosure and remove Plaintiffs from the subject property.

62. Plaintiffs are proper parties to seek declaratory judgment to resolve these issues and the Court is vested with the power to declare and adjudicate the rights and other legal relationships of the parties to this action.

63. A controversy exists between Plaintiffs and Defendants as to (1) who holds a legal and equitable interest in the subject property; (2) who has acquired the legal rights to the debt encumbering the subject property; (3) if any Defendant has the standing to initiate a judicial or nonjudicial foreclosure action.

64. Defendants have prepared and filed multiple contradictory assignments and other encumbrance documents against the subject property.

65. Multiple servicers have alleged and put forth an interest and claim in the subject property.

66. The federal Declaratory Judgment Act, 28 U.S.C. §§ 2201, 2202 "authorizes the federal courts to `declare the rights and other legal relations of any interested party seeking such declaration.'" *Val-Com Acquisitions Trust v. Chase Home Fin., L.L.C.*, 428 Fed.Appx. 364 (5th Cir. 2011). "Such a declaration may issue only to resolve an actual controversy between the parties." *Id.* The plaintiff has the burden to establish the existence of an actual controversy within the meaning of the act. *Id.*

### COUNT TWO:
### BREACH OF CONTRACT
### (Against Defendants PennyMac and MERS)

67. Plaintiffs re-allege and incorporate by reference paragraphs 1 through 58 above as though fully set forth herein.

68. The terms of the Deed of Trust contract are clear.

69. Pursuant to paragraph 23 – Release, Defendant PennyMac and specifically MERS, their electronic agent, was obligated to satisfy, release and reconvey the beneficial security

interest in Plaintiffs' pledged Deed of Trust upon payment of all sums associated with the release premium to PennyMac for Accommodated Party services rendered.

70. Defendant PennyMac was paid in full when it sold and relinquished its interest in Plaintiffs' real property to Depositor.

71. Defendant PennyMac failed to satisfy, release, and reconvey the security instrument, thus breaching the terms found in paragraph 23 of the Deed of Trust.

72. With PennyMac Loan Services, LLC selling only the Brown Intangible Obligation (the debt) to Ginnie Mae, the Brown Tangible Promissory Note is no longer eligible for negotiation per V.T.C.A. B&C § 3.203 (d) as it is now less than the full value. In order to claim the full value of the Brown Tangible Promissory Note, a party would need to both be named as payee to the Brown Tangible Promissory Note and have sole claim to the Brown Intangible Obligation (the debt). With no negotiation, transfer, and delivery of the Brown Tangible Promissory Note evidenced through proper indorsement with Ginnie Mae being named to the Brown Tangible Promissory Note, a true "Assignment of Deed of Trust" could not take place.

*V.T.C.A. B&C § 3.203. Transfer Of Instrument; Rights Acquired By Transfer.*
*(d) If a transferor purports to transfer less than the entire instrument, negotiation of the instrument does not occur. The transferee obtains no rights under this chapter and has only the rights of a partial assignee.*

## COUNT THREE:
## QUIET TITLE

73. Plaintiffs re-allege and incorporate herein by reference paragraphs 1 through 58 above as though fully set forth herein.

74. Defendants named herein claim an interest and estate in the subject property adverse to Plaintiffs in that Defendants asserts ownership of the Note secured by the Deed of Trust.

12

75. Defendants named herein claim an interest in the subject property adverse to Plaintiffs in that Defendants' asserts to be the owner of Tangible Note secured by the Deed of Trust.

76. The claims of all Defendants are without any legal right whatsoever, and Defendants have no estate, title, lien or interest in or to the subject property, or any part thereof.

77. The claim of all Defendants herein named, and each of them, claim some estate, right, title, lien or interest in or to the property adverse to Plaintiffs' title, and these claims constitute a cloud on Plaintiffs' title to the subject property.

78. None of the Defendants in this case hold a perfected and secured claim in the subject property.

79. "Under Texas law, the elements of a cause of action to quiet title are: (1) an interest in a specific property; (2) title to the property is affected by a claim by the defendant; and (3) the claim, although facially valid, is invalid or unenforceable." *Cook-Bell v. Mortgage Electric Registration Systems, Inc.*, 868 F. Supp. 2d 585, 591 (N.D. Tex. 2012). A "necessary prerequisite" to recovery of title is tender of whatever amount is owed on the note. *Id.* (citing *Fillion v. David Silvers Company*, 709 S.W.2d 240, 246 (Tex. App.-Houston [14th Dist.] 1986, writ ref'd n.r.e.)).

80. All requisite elements have been sufficiently alleged herein.

## COUNT FOUR:
## SLANDER OF TITLE

81. Plaintiffs hereby incorporate by reference paragraphs 1 through 58 above as if fully set forth herein.

82. Defendants have prepared and filed multiple contradictory encumbrance documents against the subject property.

83. Multiple "servicers" have alleged and put forth an interest and claim in the subject property.

84. Under Texas law, "'[s]lander of title' is defined as a false and malicious statement made in disparagement of a person's title to property which causes special damages." *Elijah Ragira/VIP Lodging Grp., Inc. v. VIP Lodging Grp., Inc.*, 301 S.W.3d 747, 758 (Tex.App.-El Paso 2009, no pet.). The necessary elements are "the uttering and publishing of disparaging words that were false and malicious, that special damages were sustained, and that the injured party possessed an interest in the property disparaged…" *Id.*

85. Defendants have made multiple false statements in disparagement of Plaintiffs' title to the subject property.

86. As a result of Defendants' wrongful conduct, Plaintiff has been damaged.

## PRAYER FOR RELIEF

WHEREFORE PREMISES CONSIDERED as Prayer for Relief, and for the foregoing reasons, Plaintiffs pray that Defendants be cited to appear and answer herein, and that upon final hearing, Plaintiffs be awarded judgment:

- Declaring that Defendants lack any interest in the subject property which would permit them to foreclose, evict, or attempt to foreclose or evict, the trust deed and/or to sell the subject properties;

- Declaring that the trust deed is not a lien against the subject properties, ordering the immediate release of the trust deed of record, and quieting title to the subject properties in Plaintiffs and against Defendants and all claiming by, through or under them;

- A refund of any wrongfully or improperly collected fees and payments to Defendants to which it had no right;
- Pre- and post-judgment interest at the maximum rate allowed by law;
- Attorney's fees and costs (if applicable);
- Monetary relief over $250,000 but not more than $10,000,000; and
- Such other and further relief at law and/or in equity to which Plaintiffs may be justly entitled including but not limited to damages within the jurisdictional limits of this Court, together with pre-judgment and post-judgment interest as are allowed by law.

## DEMAND FOR JURY TRIAL

Plaintiffs hereby demand a trial by jury on all issues so triable.

Dated: October _____, 2023

*Eric Brown* UCC 1-308
Eric Brown
*Pro Se Plaintiff*
6507 Grapevine Bend
Manvel, TX 77578

*Rosalind Brown* UCC 1-308
Rosalind A. Brown
*Pro Se Plaintiff*
6507 Grapevine Bend
Manvel, TX 77578

15